# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LONELDON T. WINDSOR, :
:
Petitioner :
:
v. : CIVIL NO. 3:10-CV-1966
:
R. MARTINEZ, WARDEN, : (Judge Munley)
:
Respondent :

## MEMORANDUM
### Background

Loneldon T. Windsor ("Petitioner"), an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania ("USP-Allenwood"), initiated this *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2241. Petitioner has also submitted an *in forma pauperis* application which will be granted. (Doc. 2). Named as Respondent is USP-Allenwood Warden R. Martinez.

Windsor states that following a jury trial in the District of Columbia ("D.C.") Superior Court he was convicted of "first degree burglary while armed, assault with intent to kill while armed, kidnaping while armed, attempted robbery while armed, two (2) counts of first degree felony murder while armed, first degree premeditated murder while armed, two (2) counts of possession of a firearm during a crime of violence or dangerous offense, and carrying a pistol

without a license." (Doc. 1, ¶ 5.) On June 12, 1998, Windsor was sentenced to a forty (40) year to life term of imprisonment.[1]

In an accompanying supporting memorandum, Petitioner states that a timely appeal of his conviction was filed with the D. C. Court of Appeals on July 10, 1998. (Doc. 3 at p. 4). Windsor also indicates that a counseled February 14, 2000 post-conviction motion pursuant to D.C. Code § 23-110 was filed with the trial court.[2] On April 24, 2000, Petitioner purportedly discovered "that certain portion[s] of the trial proceedings and evidentiary rulings" were missing from the transcript. (Id. at p. 5). The missing trial transcript issue was subsequently brought to the attention of both the trial court and the Court of Appeals. (Id.).

According to Windsor, his § 23-110 motion was denied without a hearing by the trial court on January 24, 2001. (Id.). Petitioner filed an appeal of the adverse § 23-110 determination with the Court of appeals. His § 23-110 appeal was consolidated with his previously filed direct appeal. Windsor avers that following submission of a supplemental brief and oral argument, the Court of Appeals "affirmed on the merits" but remanded for resentencing on a "merger issue" by decision dated October 1, 2002 (Id. at p. 6 ). After a prolonged "unsuccessful attempt to obtain the missing portion of the transcript/record," Petitioner filed a *pro se* motion to recall the mandate on March 19, 2009. (Id.) The D.C. Court of Appeals issued a decision on October 2, 2009 denying the request to recall the mandate. Therein, the Court of

---

[1] Petitioner notes that his sentence runs consecutively to a sentence imposed for another conviction. (Doc. 3 at p. 4).

[2] Windsor's submission indicates that his initial direct appeal was stayed pending resolution of his § 23-110 motion.

2

Appeals noted that "the absence of the transcript did not prejudice him [Windsor] in receiving a fair review of claimed error on appeal." (Id. at p. 7). Finally, Petitioner acknowledges that on November 24, 2009, he filed a motion for rehearing with the D.C. Court of Appeals which is apparently still pending before that court.[3]

In his pending action, Windsor initially claims entitlement to federal habeas corpus relief on the basis that he was denied due process during his direct appeal due to the absence of a complete trial record. (Id. ¶ 12, GROUND ONE). His second claim contends that the adverse decision rendered by the District of Columbia Court of Appeals was contrary to or involved an unreasonable application of clearly established federal law." (Id. at GROUND TWO). Windsor's third argument raises a related claim that his appellate counsel provided ineffective assistance by failing to secure production of a substantial and significant portion of the trial record. As relief, Petitioner requests that his sentence be vacated or corrected.

### Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). See Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly

---

[3] It is noted that documentary evidence submitted by Petitioner supports his recitation of the procedural history of his criminal case.

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

It is well settled that "federal courts lack jurisdiction to entertain the habeas corpus petition of a District of Columbia prisoner, absent a showing that his remedy pursuant to D.C. Code. Ann. § 23-110 is 'inadequate or ineffective to test the legality of' the detention." Austin v. Miner, 235 Fed. Appx. 48, 50 (3d Cir. 2007). A determination as to whether the remedy available to a prisoner under § 23-110 is inadequate or ineffective hinges on the same considerations enabling federal prisoners to seek habeas relief. See id.

For example, the § 23-110 remedy is not inadequate or ineffective simply because the applicant is prevented from using the remedy a second time to litigate or re-litigate because relief has been previously denied. See Wilson v. Office of the Chairperson, 892 F. Supp. 277, 280 (D.C. Cir. 1995). Moreover, to allow a § 2241 petitioner to file a habeas petition merely because he already has sought relief under § 23-110 would obliterate congressional attempts to promote finality in criminal cases.

Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997), and In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), addressed what circumstances make a post conviction remedy inadequate and ineffective. The legislative limitations (either the statute of limitations or

4

gatekeeping provisions outlined supra at 4-5) placed upon post conviction remedies simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a federal habeas corpus petition. Dorsainvil, 119 F.3d at 251. "To hold otherwise would simply effect a transfer of forum for the adjudication of successive challenges to the validity of a conviction." Kennemore v. True, Civil No. 98-1175, slip op. at 6. (M.D. Pa. July 28, 1998)(Conaboy, J.).

Both the Triestman and Dorsainvil courts held that the "inadequate and ineffective" requirement (thus allowing a petitioner to bring a § 2241 habeas corpus action) occurs where the denial of a habeas action would raise serious constitutional issues. Triestman, 124 F.3d at 377; Dorsainvil, 119 F.3d at 249. The serious constitutional issue was that a change in substantive law rendered the conduct for which petitioner was convicted no longer criminal. Triestman, 124 F.3d at 366; Dorsainvil, 119 F.3d at 251. Thus, these cases set a high bar for what a court will consider a serious constitutional issue sufficient to allow a petitioner to bring a § 2241 petition to challenge a D.C. conviction or sentence.

Windsor does not assert that his present action is based on either any newly discovered evidence or a new rule of law made retroactive to cases on collateral review. Unlike Dorsainvil, Petitioner's present claims are not premised on any intervening change in substantive law that would negate the criminal nature of his conduct with respect to his D.C. conviction.[4] On the contrary, the gist of his action is that the criminal appeal process was hindered due to the absence of a complete trial record. Fundamental to Dorsainvil was the fact that the petitioner may

---

[4] In Tyler v. Cain, 533 U.S. 656, 663 (2001), the United States Supreme Court established that a new rule of law cannot be retroactively applied to cases on collateral review unless the Court itself holds it to be retroactive.

5

actually be innocent of the crime charged. In this case, Windsor has failed to raise any claims suggesting that he was not involved in the alleged underlying criminal activity.

Furthermore, Petitioner acknowledges that his present arguments were previously raised in a § 23-110 motion which was addressed by both the D.C. Superior Court [trial court] and the D.C. Court of Appeals. Based on the foregoing analysis, a second or successive § 23-110 motion is the only vehicle available to Windsor. See Austin, 235 Fed. Appx. at 51(there is no limitation to a prisoner bringing a second or successive § 23-110 motion). Pursuant to the above discussion, Petitioner may not assert his present claims under § 2241. Accordingly, the petition will be dismissed without prejudice. An appropriate Order will enter.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

DATED: SEPTEMBER 24, 2010

6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LONELDON T. WINDSOR, :
:
Petitioner :
:
v. : CIVIL NO. 3:10-CV-1966
:
R. MARTINEZ, WARDEN, : (Judge Munley)
:
Respondent :

### ORDER

AND NOW, to wit, this 24th day of September, 2010, for the reasons set forth in the foregoing Memorandum, it is hereby **ORDERED** that:

1. Petitioner is **GRANTED** leave to proceed *in forma pauperis* for the sole purpose of the filing of this action.

2. The petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

3. The Clerk of Court is directed to **CLOSE** the case.

4. Based upon the Court's determination, there is no basis for the issuance of a certificate of appealability.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court